UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KYLE JIGGETTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 08-CV-4371-(JSR/RES) |
| **ALLIED BARTON SECURITY** ) | |
| **SERVICES, NEW YORK CITY** ) | |
| **DEPARTMENT OF** ) | |
| **TRANSPORTATION** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT ALLIEDBARTON SECURITY SERVICES LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE
STATEMENT**

## PRELIMINARY STATEMENT

AlliedBarton Security Services LLC ("AlliedBarton"), incorrectly identified as Allied Barton Security Services, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, moves this Court for an Order requiring Plaintiff Kyle Jiggetts ("Plaintiff") to file a more definite statement with regard to his Amended Complaint filed on June 25, 2008. In the alternative, AlliedBarton requests that this Court dismiss Plaintiff's Amended Complaint with leave to refile.

As demonstrated below, Plaintiff's Amended Complaint and the voluminous attachments thereto are too vague, ambiguous, and unintelligible so as to permit AlliedBarton to provide a meaningful response. Therefore, AlliedBarton respectfully requests that its motion be granted.

## FACTUAL BACKGROUND

On May 9, 2008, Plaintiff filed his original Complaint with this Court. In his original Complaint, Plaintiff alleged that AlliedBarton violated the Equal Pay Act by paying a female employee a higher hourly rate than the rate paid to Plaintiff. [Doc. 2.] Plaintiff never served AlliedBarton with his original Complaint.[1]

On June 25, 2008, Plaintiff filed an Amended Complaint with this Court. [Doc. 5.] In his Amended Complaint, Plaintiff added the New York City Department of Transportation as a named Defendant and alleged violations of Title VII and the Americans with Disabilities Act. Nowhere in Plaintiff's Amended Complaint does he reference his original allegations regarding the Equal Pay Act. Instead, Plaintiff simply included his original Complaint as one of the exhibits to his Amended Complaint.

In his Amended Complaint, Plaintiff declined to provide a factual statement outlining his claims. Instead, in the space provided for detailing the facts of his case, Plaintiff stated "Please see notes and documents attached." Plaintiff then attached more than one hundred (100) pages of documents to his Amended Complaint, including, but not limited to, the following documents:

- Plaintiff's original Complaint;

- A twenty (20) page handwritten document containing sixteen (16) "paragraphs" containing what appears to be intended as a factual recitation of his claims;

- A handwritten sworn statement containing six (6) additional "paragraphs" also containing what appears to be additional factual bases for his claim;

- Plaintiff's payroll documents from "Tristar Patrol, Service, Inc.;

---

[1] On the face of his original Complaint, Plaintiff included a handwritten note requesting that this case be related to Case No. 06-cv-04868, styled Jiggetts v. TriStar Patrol Service, Inc. Plaintiff filed his Complaint in Case No. 06-cv-04868 in June 2006. AlliedBarton is not a defendant in that case.

- A handwritten statement and various payroll documents for an AlliedBarton employee named Donna Leak;

- Various documents pertaining to Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"); and

- Various documents related to Plaintiff's employment with AlliedBarton.

[See Doc. 5]. Plaintiff then provided a notation to Judge Rakoff stating that "[t]he city and the contracting security company always transfer the security officers when they get [sic] a lawsuit. This is an argument that the city and Allied Barton will make because I was transferred. This is pretexual [sic]."

## ARGUMENT

Plaintiff's voluminous and incoherent filing does not comply with the pleading requirements set forth in the Federal Rules of Civil Procedure and is so vague and ambiguous as to render AlliedBarton unable to provide a response.

The Federal Rules of Civil Procedure require that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" Blakely v. Wells, 209 Fed.Appx. 18 *20 (2d Cir. 2006) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Id. "When a complaint does not comply with the requirement that it be short and plaint, the court has the power, on its own initiative or in response to a motion by the defendant to strike any portions that are redundant or immaterial, see Fed.R.Civ.P. 12(f), or to dismiss the complaint." Salahuddin, 861 F.2d at 42.

Similarly, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). A party may move for a more definite statement pursuant to Rule 12(e) to remedy a pleading that fails to comply with the pleading requirements contained in the Federal Rules of Civil Procedure. See Thomsen v. County of Erie, N.Y., 2000 WL 1887834 *2 (Dec. 28, 2000). A more definite statement is appropriate where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

Plaintiff's Amended Complaint and the voluminous attachments thereto is a far cry from the "short and plain" statement of his claim required under the Federal Rules. Instead of providing a clear statement of his asserted claims, he attached more than 100 pages of documents to his Amended Complaint, including his original Complaint which contains an Equal Pay Act claim that does not appear in his Amended Complaint. In order to respond meaningfully to the Complaint, AlliedBarton would have to parse through these hundreds of documents in order to discern - at its peril - what claims Plaintiff is asserting and which of those claims he intends to bring against which named Defendant.

To the extent Plaintiff's handwritten statements were intended to serve as a factual recitation of his claims warranting a specific response in AlliedBarton's responsive pleading, these statements are so ambiguous and confusing so as to render such a response impossible. First and foremost, Plaintiff provided <u>two</u> handwritten statements, each containing individually numbered "paragraphs". AlliedBarton cannot be expected to divine whether Plaintiff intended for both, some, or neither of these statements to serve as the factual basis for his allegations requiring a response in its responsive pleading. Second, the statements contained in these two handwritten documents are vague, rambling and of questionable relevance to Plaintiff's alleged claims. Finally, Plaintiff's statements fail to comply with the Fed.R.Civ.P. 10(b) which requires that Plaintiff present his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances". To the contrary, most of Plaintiff's numbered "paragraphs" are a page or more long and contain multiple factual assertions covering what appears to be a wide range of circumstances.

Although Plaintiff is acting *pro se*, his failure to abide by the Federal Rules of Civil Procedure should not be excused. Plaintiff is an experienced litigant who has filed at least nine

(9) other federal lawsuits in the Southern and Eastern Districts of New York alone.[2]  As a result of his extensive federal litigation history, Plaintiff should be very familiar with the pleading requirements contained in the Federal Rules of Civil Procedure and should not be excused from complying with those requirements in the instant case.  Muniz v. Goord,  2007 WL 2027912, at *6 (N.D.N.Y. July 11, 2007)  ("Clearly, Plaintiff is a litigant of at least some level of experience and sophistication.  While I do not believe that Plaintiff's experience is so extensive that it warrants altogether revoking the special status normally afforded pro se civil rights litigants I believe that his experience warrants somewhat diminishing his special status.").

Therefore, because Plaintiff's Amended Complaint and attached documents are so vague and ambiguous as to the claims asserted and against whom the claims are being asserted, AlliedBarton respectfully requests that the Court grant the instant motion.

---

[2] See Jiggetts v. New York City Human Resources, No. 94-cv-09175 (S.D.N.Y. filed 12/22/94); Jiggetts v. FGC Security et al, No. 01-cv-02348 (S.D.N.Y. filed 3/20/01); Jiggetts v. Olga Diaz et al, No. 02-cv-08959 (S.D.N.Y. filed 11/12/02); Jiggetts v. AFSCME, Local Council 37, No. 06-cv-04867 (S.D.N.Y. filed 6/23/06); Jiggetts v. TriStar Patrol et al; No. 06-cv-04868 (S.D.N.Y. filed 6/23/06); Jiggetts v. NYC Department of Citywide Administrative Services, No. 07-cv-01384 (S.D.N.Y. filed 2/26/07); Jiggetts v. Allied International Union, No. 07-cv-11572 (S.D.N.Y. filed 12/16/07); Jiggetts v. Transportation Security Administration, No. 03-cv-03918 (E.D.N.Y. filed 8/1/03); Jiggetts v. LaGuardia Airport et al, No. 04-cv-03969 (E.D.N.Y. filed 4/14/04).

## CONCLUSION

For the foregoing reasons, Defendant AlliedBarton respectfully requests that this Court grant its Motion for More Definite Statement. In the alternative, AlliedBarton respectfully requests that this Court dismiss Plaintiff's Amended Complaint with leave to refile.

Respectfully submitted this 20th day of August, 2008.

        s/
Steven R. Kramer, Esq. [SRK 2097]
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street
Suite 1061
White Plains, NY 10606
Tel: 914-949-2909
Fax: 914-949-5424

-and-

**MARTENSON, HASBROUCK & SIMON LLP**
Marty N. Martenson, Esq.
Georgia Bar No. 471100
Marisa U. Sugarman
Georgia Bar No. 721594
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)

**Attorneys for Defendant**
**AlliedBarton Security Services LLC**